UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARPAL SINGH,<br>Petitioner,<br>v.<br>FACILITY DIRECTOR GOLDEN STATE ANNEX,<br>Respondent. | No. 1:26-cv-08169-DAD-JDP (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>(Doc. Nos. 1, 2) |

On October 5, 2026, proceeding *pro se*, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion for temporary restraining order seeking his immediate release from custody. (Doc. No. 2.) On October 6, 2026, the court set a briefing schedule on the pending motion and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 4.) Respondent was further directed to state any opposition that it had to the court's stated intention to rule on the underlying petition based on the current briefing before it as well as to provide substantive reasons in support of its position in this regard in its opposition. (*Id.*)

/////

On October 8, 2026, respondent filed an opposition. (Doc. No. 7.) In that opposition, respondent claims that petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). (*Id.*) Respondent does not oppose the court ruling directly on the merits of the underlying petition, (*id.*), and the court will do so based upon the briefing presently before it.

Based on the parties' briefing, the court finds the following facts. On or about December 21, 2021, petitioner entered the United States. (Doc. No. 1 at 4.) Shortly thereafter, he was detained by immigration authorities, paroled into this country pursuant to 8 U.S.C. § 1182 as an Alternative to Detention ("ATD"), and enrolled in the Intensive Supervision Appearance Program, which required him to wear a GPS ankle bracelet. (*Id.* at 4, 105; Doc. No. 7 at 2–3.) On April 19, 2022, petitioner reported to the Little Rock, Arkansas ICE-ERO where he was served with a notice to appear and subsequently released under an order of recognizance. (Doc. No. 7 at 13.) On May 10, 2022, petitioner submitted an application for asylum. (Doc. No. 1 at 94.) On August 1, 2026, petitioner was arrested by local law enforcement and booked into the Fresno County Jail. (*Id.* at 5.) On September 8, 2026, petitioner entered a no contest plea to a misdemeanor false imprisonment charge, was sentenced to time served as one of the conditions of a three year term of probation, and was released and immediately transferred into ICE custody where he currently remains. (*Id.* at 5–6.)

In light of the evidence that petitioner was previously released from immigration detention and placed on an order of recognizance, the court incorporates and adopts the reasoning set forth in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083, *2–5 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release and that his re-detention without a pre-deprivation hearing violated due process.[1] Accordingly, the court will grant petitioner's petition for writ of habeas corpus.

/////

[1] The court notes that petitioner's prior release from immigration detention on parole and re-detention absent notice or an opportunity to be heard would also entitle him to his release. *See Rocha Chavarria v. Chestnut*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025).

For the reasons explained above,

1. The pending petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Harpal Singh, A-File No. 220-732-079, from respondent's custody on the same conditions he was subject to prior to his re-detention on or about September 8, 2026;

   b. Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-deprivation bond hearing before an immigration judge at which hearing the government shall bear the burden of justifying petitioner's detention by clear and convincing evidence;

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting him habeas relief;

3. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and close this case.

IT IS SO ORDERED.

Dated: **October 9, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE